ODETTE GONZÁLEZ SALAS, Petitioner, *v.* SUPERIOR COURT OF PUERTO RICO, MAYAGÜEZ PART, ROGELIO FERNÁNDEZ GARZOT, JUDGE, Respondent; ROSA MARÍA CHARNECO ET AL., Interveners.

No. O-67-380.          Decided June 23, 1969.

*Aurelio Roqué Delgado* for petitioner. *Amador Ramírez Silva* for receiver. *Ildefonso Freyre* for intervener José Clemente González Ortiz. *Raúl Matos* and *Raúl E. Matos* for Rosa María Charneco *et al.*

Second Division composed of Mr. Justice Hernández Matos, as Chief Judge of Division, Mr. Justice Santana Becerra, Mr. Justice Dávila, and Mr. Justice Torres Rigual.

### JUDGMENT

Petitioner is an heir of her grandfather, José González Clemente who died in 1944; is an heir of her grandmother Rosa Ana Rivera widow of José González Clemente, who died in 1957, and is an heir of her father José Manuel González Rivera, who died in 1954. In 1942 José González Clemente organized the Mercantil José González Clemente y Cía. with his son, petitioner's father. The said Mercantil José González Clemente y Cía. is part of these three inheritances which up to the present have not been partitioned or liquidated. Since 1954 the inheritance estate is under receivership decreed by the Superior Court, Mayagüez Part, in Civil Action CS-54-509

on Declaratory Judgment, brought by the widow Rosa Ana Rivera against the other heirs and members of the respective Estates (*Sucesiones*). The Mercantil José González Clemente y Cía. manufactures and sells the Ron Superior Puerto Rico.

On August 2, 1966 and by written document, the heirs acknowledged reciprocally the right to the formula or formulas of the Ron Superior Puerto Rico. On December 22, 1966 the petitioner requested the trial court to acquaint her with the above-mentioned formulas. She alleged that other heirs and members of the Estates (*Sucesiones*) as well as employees and particular persons knew about said formulas; that upon reaching legal age the coheirs did not acknowledge her right to know about said formulas, right denied to her; that in 1965 the Receiver requested permission from the court in order to change the Ron Superior from 85 to 80 degrees proof for which a hearing was set; that in said hearing the petitioner stated that she was not in a position to oppose or to express herself because she was not acquainted with the formula for the change nor with the previous formulas; that the court ruled that the change was not substantial to require the approval of the heirs; that the rum formula was changed from 85 to 80 degrees proof the latter being registered with number 4, formula number 3 being the one corresponding to the 85 degrees proof rum; that subsequent to said change of formula there was a decrease of more than 22% in the sales of the rum; that the petitioner was given the opportunity to observe the preparation of the 80 degrees proof-rum formula, but was not allowed to take notes of what she observed, having no knowledge of the previous formulas; that these formulas have been informed to Federal and Commonwealth officers and are known by other persons who are not part of the Estates (*Sucesiones*) and who are or have been employees of the Receivership. She requested the court, with a view to said allegations, to order the coheirs and other parties interested in the inheritance to inform her of the formulas of the

Ron Superior Puerto Rico as joint owner by inheritance of said formulas.

Her full blood brother José Clemente González Ortiz appeared by brief, objecting to petitioner's request. Subsequently, the other coheirs joined this objection. The opposing party accepted some of the facts, denied others, and stated that by family tradition and custom the secret formulas used in the manufacture of Ron Superior were transmitted from fathers to sons, and that for that reason none of the other heirs, with the exception of the opposing party, had knowledge of the aforesaid formulas; that it was a family tradition not to write down the formulas or inform them in writing to any of the other heirs or interested parties; he accepted having informed them to the Federal Government and that the communications concerning the formulas were notified only to Charneco, Head of Laboratory (brother of Rosa Charneco widow of González, another member of the Estate (*Sucesión*)), and to the opposing party José Clemente Gónzález Ortiz, keeping thereby the family tradition that the secret of the formulas be known by the least possible number of persons.

The trial court held a hearing on the foregoing request and denied the request. It held that the petitioner was entitled to know about the formula for the manufacture of the rum in the same manner said knowledge was acquired by the other heirs or interested parties in the firm; it ordered the person in charge of the laboratory to notify her of the next preparation of the formula so that the petitioner could attend and observe said elaboration and it prohibited that she were delivered said formula in writing or that she were allowed to write it down. It also denied her the right that the Federal Government inform her about the communications in relation to said formulas and that the latter be annotated in the firm's books.

We have read carefully the evidence presented in the hearing held. This is a case in which unquestionably there is conflict between the petitioner on the one side and the other members of the respective Estates (*Sucesiones*) on the other. It seems that they are not in agreement between themselves. The evidence shows that, directly or indirectly, other members of the Estates (*Sucesiones*) have a detailed knowledge of the formulas of the Ron Superior Puerto Rico. Allowing petitioner to be present at the laboratory when a formula is prepared, without being assisted by a chemist or an expert who could explain or interpret for her what she could observe, would not place the petitioner in the same position of knowledge of the formulas as other members of the Estate (*Sucesión*), particularly her full blood brother, the opposing party, José Clemente González Ortiz, and other persons employed by the Receivership relatives of other heirs.

█ The petitioner has a proprietary right in the aforesaid formulas which is part of the inheritance estate and if, as she alleges, the change of formula produced a decrease in the sales of the rum, fact on which we make no pronouncement, she is entitled to be placed in a position to defend her interest in that portion of the estate. From the evidence presented by the opposing party it appears that as a matter of reality the secret of the formulas is no longer such a secret between the interested parties, with the exception of the petitioner who has no knowledge of them.

█ Whatever the family tradition might be, the Constitution of the Commonwealth does not permit that there be discrimination between the petitioner and other members of the Estate (*Sucesión*) by reason of sex. The family tradition may be kept among the heirs and interested parties, but they cannot have the benefit of the court to make good, against the laws and the Constitution, a discrimination. The petitioner is joint owner of the properties and is entitled to be, insofar as

the same is concerned, in a position identical with that of other members of the Estate (*Sucesión*).

The order appealed from rendered by the Superior Court, Mayagüez Part, on June 13, 1967, is hereby set aside insofar as the same prevents the petitioner from having knowledge of the formulas for the preparation of the Ron Superior Puerto Rico in the same detailed, comprehensive, and intelligent manner in which her full blood brother, the opposing party, and other members of these Estates (*Sucesiones*) have knowledge of said formulas, without limiting the petitioner to merely be allowed to be present in the laboratory at the time a formula is being prepared and with no other means of knowing about and understanding the same.

The means of transmitting to petitioner the knowledge of the formulas in litigation is left to the sound discretion of the court and the interested parties, in a manner consistent with the pronouncements made herein.

It was so decreed and ordered by the Court as witnesses the signature of the Chief Justice.

(s) Luis Negrón Fernández
*Chief Justice*

I attest:

(s) Joaquín Berríos
*Clerk*